UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HYUNG SOON YANG et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>ALEJANDRO MAYORKAS,<br><br>                Defendant. | CASE NO. C24-0066-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiff Hyung Soon Yang and his daughter, Plaintiff Ji Won Yang, filed this lawsuit to order Secretary of U.S. Department of Homeland Security, Alejandro Mayorkas, to direct U.S. Citizenship and Immigration Services ("USCIS") to adjudicate Plaintiffs' pending I-485 and I-765 applications.  Dkt. No. 1.  Defendant moves to dismiss the lawsuit because all applications have been processed, mooting the case.  Dkt. No. 8.  Plaintiffs did not oppose or otherwise respond to this motion.  The Court agrees with Defendant that Plaintiffs' alleged injury has been redressed through USCIS's adjudication of the applications and the case is now moot.  Thus, the Court lacks subject matter jurisdiction and the case must be dismissed.

                **I.    LEGAL STANDARD**

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction to hear the claims at issue.  *See* Fed. R. Civ. P. 12(b)(1).  "An attack on subject matter jurisdiction under Rule 12(b)(1) may be facial or factual."  *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016).

ORDER GRANTING MOTION TO DISMISS - 1

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," but in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Defendant's motion to dismiss presents a factual challenge. Dkt. No. 8 at 3.

"Where the jurisdictional issue is separable from the merits of the case," a court presented with a fact-based motion to dismiss "may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028 (9th Cir. 2023) (quoting *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). The district court can look beyond "the face of the pleadings, [and] may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). Once a defendant challenges the alleged facts underlying jurisdiction using evidence outside the pleadings, the plaintiff bears the burden of establishing, by affidavits or other competent evidence, that subject matter jurisdiction does in fact exist. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

The Court finds the jurisdictional issues raised by Defendant are separate from the merits of the case. Therefore, in assessing its jurisdiction, the Court considers the undisputed allegations in the complaint and Defendant's evidence submitted in support of the motion to dismiss.

## II. BACKGROUND

On December 23, 2002, Empire Kosher Poultry filed a Form I-140 Petition for Alien Worker for Hyung Soon Yang. Dkt. No. 9 ¶ 2.[1] The same day, Plaintiffs filed I-485 Applications to Change Legal Permanent Residence. *Id.* ¶ 3, Dkt. No. 1 ¶ 15. The I-140 was approved on March 14, 2004. Dkt. No. 9 ¶ 2. The I-485 applications remained pending.

On October 29, 2020, USCIS revoked the prior approval of the I-140. Dkt. No. 9 ¶ 4. On February 4, 2021, USCIS denied the pending I-485 applications. *Id.*, Dkt. No. 1 ¶ 16.[2]

In August 2021, Ji Won Yang filed an I-765 Application for Employment Authorization which was denied on December 12, 2022 because, since the I-485 "was denied prior to the filing of this application, she no longer qualified for this benefit." Dkt. No. 9 ¶ 5. Similarly, in December 2021, Hyung Soon Yang filed an I-765 Application for Employment Authorization which was denied on December 12, 2022 because, since the I-485 "was denied prior to the filing of this application, he no longer qualified for this benefit." *Id.* ¶ 6.

On January 18, 2024, Plaintiffs filed this petition for writ of mandamus and complaint for declaratory relief, alleging violations of the Administrative Procedure Act ("APA"). Dkt. No. 1. Plaintiffs ask the Court to require "Respondents [to] adjudicate Forms I-485 filed on December 23, 2002 and I-765 filed on December 27, 2021." Dkt. No. 1 at 2.

On March 29, 2024, the parties filed a stipulated motion to hold the case in abeyance explaining:

---

[1] The declaration of Richard Dashner incorrectly identifies this form as "Petition for a Nonimmigrant Worker." Dkt. No. 9 ¶ 2.

[2] Plaintiffs allege USCIS reopened their "case" on February 8, 2021. Dkt. No. 1 ¶ 16. But the declaration of Richard Dashner and the stipulated motion state that the I-140 and I-485s were not reopened until 2024. Dkt. No. 9 ¶ 8, Dkt. No. 5 at 2.

>On March 18, 2024, USCIS reopened the Form I-140, Immigrant Petition for Alien Worker, filed on behalf of Plaintiff Hyung Soon Yang, which had previously had its approval revoked. USCIS reopened the Form I-140 to issue a Notice of Intent to Revoke ("NOIR") to both the petitioner and beneficiary so that Plaintiff Hyung Soon Yang has the opportunity to respond to the NOIR. USCIS anticipates issuing the NOIR shortly. Plaintiff Hyung Soon Yang will have 30 days to respond to the NOIR. USCIS will need additional time to review the response and act after it receives the NOIR responses.
>
>Because USCIS denied Plaintiffs' Forms I-485 due to the revocation of the underlying visa petition (Form I-140) approval, USCIS has reopened Plaintiffs' Forms I-485 and restored them to their previous pending status. USCIS cannot adjudicate the Forms I-485, as sought through this litigation, until a decision on the Form I-140 revocation is issued.

Dkt. No. 5 at 2. The Court granted the stipulation. Dkt. No. 6. On June 3, 2024, after Plaintiffs did not respond to the NOIR (Dkt. No. 10-3 at 2), USCIS revoked the approval of the reopened and reconsidered Form I-140. Dkt. No. 9 ¶ 9, Dkt. No. 10-3. On July 1, 2024, USCIS denied Plaintiffs' I-485 applications. Dkt. No. 9 ¶ 10, Dkt. Nos. 10-1–10-2.

Defendant moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) because, since the claim has been mooted, the court lacks subject matter jurisdiction. Dkt. No. 8. Neither party filed a response or a reply. The matter is ripe for the Court's consideration.

### III.  ANALYSIS

A plaintiff's standing under Article III of the United States Constitution is a component of subject matter jurisdiction properly challenged under Rule 12(b)(1). *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). For Article III standing, a plaintiff must show:

>(1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (cleaned up). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Id.*

The plaintiff bears the burden, as the party invoking federal jurisdiction, to establish the elements of standing "through all stages of federal judicial proceedings" because "it is not enough that a dispute was very much alive when suit was filed[.]" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  Without an extant controversy through all stages of review, a case will become moot because "[p]roceedings not of a justiciable character are outside the contemplation of the constitutional grant." *Massachusetts v. Mellon*, 262 U.S. 447, 480 (1923).

Defendant argues the Court does not have subject matter jurisdiction because the claim has been mooted by USCIS's denial of Plaintiffs' I-765 applications, and the more recent processing, and subsequent denial, of Plaintiffs' I-485 applications. Dkt. No. 8 at 3–4.  The Court agrees.  The I-765 applications were adjudicated in 2021.  Dkt. No. 9 ¶¶ 5–6.[3]  The I-485 applications were adjudicated in July 2024.  Dkt. Nos. 10-1–10-2.

Plaintiffs have no applications pending before USCIS and there is no evidence that any of the denied applications have been appealed.  Thus, Plaintiffs obtained their requested relief when USCIS processed Plaintiffs' applications, and Plaintiffs no longer suffer the injury complained of. *See, e.g.*, *Singh v. Jaddou*, No. 1:23-CV-00222-SKO, 2023 WL 2976297, at *3 (E.D. Cal. Apr. 17, 2023) (collecting cases granting motions to dismiss for mootness when agency provides requested relief); *Pabla v. U.S. Citizenship & Immigr. Servs.*, No. 2:18-CV-01660-BAT, 2019 WL 1436872, at *2 (W.D. Wash. Apr. 1, 2019).  The case is therefore moot and "must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999).

---

[3] While Plaintiffs asked the Court to adjudicate their I-765 applications, Plaintiffs' complaint acknowledges these applications were already denied by the time this case was filed.  Dkt. No. 1 ¶ 20 (alleging in October 2023, Plaintiffs sent a request to "reopen and process Ji Won Yang's I-765" application).

ORDER GRANTING MOTION TO DISMISS - 5

## IV. CONCLUSION

For these reasons, the Court GRANTS Defendant's motion to dismiss. Dkt. No. 8. The case is dismissed without prejudice. The Clerk is instructed to close the case.

Dated this 5th day of September, 2024.

*Kymberly K Evanson*
―――――――――――――――――――
Kymberly K. Evanson
United States District Judge